UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| LAUREN GIBBONS, }<br>ON BEHALF OF HERSELF AND }<br>ALL OTHERS SIMILARLY SITUATED, }<br>}<br>　　　　　　　　　　Plaintiff, }<br>　　　v　　　　　　　　　　　　}<br>}<br>SUNRISE CREDIT SERVICES INC. , }<br>}<br>　　　　　　　　　　Defendant. } | Civil Action, File No.<br>2:17-cv-4177 |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Lauren Gibbons [hereinafter "Gibbons"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Sunrise Credit Services Inc. ("Sunrise"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Sunrise's regular transaction of business within this district. Venue in this district also is proper based on Sunrise possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Sunrise also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Gibbons is a natural person who resides at 495 Woodcreek Court, Apt. O, Moriches, NY 11955.

6. Gibbons is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about July 12, 2016, Sunrise sent Gibbons the letter annexed as Exhibit A. Gibbons received and read Exhibit A. For the reasons set forth below, Gibbons's receipt and reading of Exhibit A deprived Gibbons of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Sunrise sent Exhibit A to Gibbons in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Comenity Capital Bank for her individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. Sunrise, via Exhibit A, attempted to collect this past due debt from Gibbons in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Sunrise is a New York Domestic Corporation with a principal place of business located in Farmingdale, NY.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs. Sunrise possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon Sunrise possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Sunrise is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, Sunrise sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, Sunrise is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth a "Balance Due" of $865.89.

17. Any "Balance Due" resulted from an agreement between Gibbons and Comenity Capital Bank; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

18. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue on any "Balance Due" due but unpaid to Comenity Capital Bank.

19. Upon information and belief, pursuant to the aforementioned agreement, Comenity Capital Bank and any assignee or successor-in-interest had a legal right at any time to collect from Gibbons the aforementioned interest, late charges, and/or other charges which had continued to accrue on any "Balance Due" due but unpaid to Comenity Capital Bank and any assignee or successor-in-interest.

20. The aforementioned right to collect from Gibbons the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due" is not waived by Comenity Capital Bank or any assignee or successor-in-interest as a result of a failure by either Comenity Capital Bank and any assignee or successor-in-interest at any point in time to attempt to collect from Gibbons the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

21. Exhibit A failed to notify Gibbons that her "Balance Due" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

22. Although Exhibit A sets forth a settlement offer, Exhibit A failed to clearly state that Sunrise will accept payment of the amount of the settlement offer in full satisfaction of the debt if payment is made by a specified date.

23. Although Exhibit A sets forth a settlement offer, Exhibit A failed to notify Gibbons that if she did not pay the amount of the settlement offer then the "Balance Due" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

24. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692e by sending Exhibit A to Gibbons.

## SECOND CAUSE OF ACTION-CLASS CLAIM

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

20. Exhibit A sets forth a "Balance Due" of $865.89.

21. Exhibit A does not set forth that the "Balance Due" of $865.89 may increase due to interest, late charges, and/or other charges.

22. Since Exhibit A does not set forth that the "Balance Due" of $865.89 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Balance Due" of $865.89 was static and that their payment of $865.89 would satisfy the debt irrespective of when the payment was remitted.

23. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

24. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

25. Gibbons owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

26. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

27. As regards the past due debt set forth in Exhibit A, Comenity Capital Bank had a guaranteed right to interest on the "Balance Due" of $865.89 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b), <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

28. Based on the above, the "Balance Due" of $865.89 set forth in Exhibit A was not static. Instead, interest was in fact accruing on the "Balance Due" of $865.89 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

29. Based on the above, Comenity Capital Bank could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Balance Due" of $865.89 set forth in Exhibit A was paid.

30. In the alternative, Comenity Capital Bank could have sold Gibbons's debt to a third party and based on the above such third party could seek the interest that accumulated after Exhibit A was sent but before the "Balance Due" of $865.89 set forth in Exhibit A was paid.

25. Based on the above, since Exhibit A does not set forth that the "Balance Due" of $865.89 may increase due to interest, Defendant violated 15 USC § 1692e by sending Exhibit A to Gibbons.

### THIRD CAUSE OF ACTION-CLASS CLAIM

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

27. Exhibit A amounted to a false, deceptive or misleading means in connection with the

collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5), and/or 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

28. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

29. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

31. Sunrise violated 15 USC § 1692g as a result of sending Exhibit A to Gonzalez.

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

33. The classes consist of:

   I.   (a) all natural persons (b) who received a letter from Sunrise dated between July 12, 2016 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A; and/or

   II.  (a) all natural persons (b) who received a letter from Sunrise dated between July 12, 2016 and the present to collect a past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt.

34. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

35. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

36. The predominant common question is whether Defendant's letters violate the FDCPA.

37. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

38. A class action is the superior means of adjudicating this dispute.

39. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Sunrise in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:  July 13, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709